UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
          Plaintiff,

vs.                                            Case No.:    21-Cr-60273-KMW

PETER ROUSSONICOLOS,
          Defendant.
_____/

### *DEFENDANT'S SECOND MOTION TO CONTINUE TRIAL DATE AND SET PRETRIAL DEADLINES*

COMES NOW, PETER ROUSSONICOLOS, by and through undersigned counsel, and respectfully requests this Honorable Court enter an order continuing the trial date until June, 2024 and to set new pretrial deadlines including a discovery cutoff date. As grounds in support thereof the defense would state the following:

1. On April 18, 2023, the Court set trial for February 12, 2024 (DE-209). The Court did not set a discovery cutoff date despite the defense request and the government continues to produce discovery.

2. On November 1, 2023, the prosecution team produced two more productions (productions 34 and 35) that consisted of 471 pages of "interview reports" (production 34) and 11,127 pages of "*Jencks* Act or *Giglio* information" (production 35). On November 17, 2023, the government produced an additional

3,733 pages containing "potential Rule 16, *Giglio*, *Jencks*, or other discoverable information" (production 36).  Additionally, since the filing of the Defendant's Motion to Compel (DE-217), the defense has begun receiving numerous documents from both the prosecution and filter team regarding Robyn Sztyndor that bear directly on the advice of counsel defense.

3. Furthermore, the filter team produced approximately 868 pages of additional discovery and were requesting privilege logs on other filter team productions. While the defense was reviewing the new prosecution team discovery, the new filter team discovery and the balance of the approximately 4 million pages of discovery in this case, it produced a privilege log to the filter team after a review of 1425 pages of discovery.  This occurred on October 23, 2023.

4. Subsequently, on October 27, 2023, based on a review of the privilege log, the filter team notified counsel that it had inadvertently produced the wrong production on June 16, 2022 to counsel.  The production team requested the material be deleted and sent counsel a new batch of 13,903 documents to review for assertion of privilege.

5. Not only is there a voluminous amount of production of documents, apparently with more to come on a "rolling basis," but one of the defendant's co-counsel has had significant ocular issues that have required the intervention of a neuro-ophthalmologist, and the other co-counsel has actually had 2 surgical

procedures on November 21, 2023 and December 5, 2023 to correct eye difficulties, that have restricted both counsels' abilities to read that voluminous discovery completely for several months preceding.

6. In order to avoid any further delays counsel is requesting a discovery cutoff deadline of March 30, 2024, to be set by the Court in order for the defense to understand the full universe of documents and for the Court to set a realistic trial date in June of 2024.

7. Notwithstanding the above issues, the ability of the defendant himself to be able to adequately review the documents provided in discovery is somewhat hindered by his current status in-custody, and the difficulty that such a status has caused has affected his ability to be able to effectively become acquainted with all of the new submissions by the government, as well as some of the previous submissions. The sheer weight of the discovery in this cause is what is affecting, for the most part, this inability to appropriately be prepared for a February 12, 2024, trial date. It is hoped, and every effort will be made, in concert with the request for a discovery cutoff, by co-counsel in this matter to finish discovery (including any Rule 16 issues) by the requested June, 2024, trial date. The defense team will further not be able to produce a privilege log for these new documents until on or about January 30, 2024, at the earliest, and even less likely as delineated above to be able to prepare for trial on the merits herein on February 12, 2024.

8.      Christopher Grillo, Esq., the attorney for co-defendant Kevin McGoey has no objection to a continuance of this matter.

9.      Asst. Trial Attorney Jamie deBoer requested the following position of the government be included:

"The United States agrees to try the case in June 2024, provided that both defendants execute speedy trial waivers, and that the Court's pre-trial scheduling order remains in effect (with deadlines calculated off the new trial date) (DE-172). The United States does not anticipate agreeing to any further continuances but agrees to this continuance because the defense has represented that they need additional time to prepare and because the defense has not yet produced its Rule 16 disclosures to the Government. The United States does not necessarily agree with all of the factual representations in Defendants' motion to continue because the United States was not provided a copy of the motion before it was filed."

      WHEREFORE the defense respectfully requests this motion be granted.

      Respectfully submitted,

s/Gennaro Cariglio Jr.
Gennaro Cariglio Jr.
8101 Biscayne Blvd.
Penthouse 701
Miami, FL 33138

(305) 899-0438
Florida Bar No.: 51985
Attorney for the Defendant
Sobeachlaw@aol.com