UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORDIA

Case No. 21-60273-CR-WILLIAMS

UNITED STATES OF AMERICA,

vs.

PETER ROUSSONICOLOS,

Defendant.
_____/

## MOTION TO RECONSIDER THE DISQUALIFICATION OF ATTORNEY FRANK RUBINO, INCLUDING LEGAL ARGUMENT

Defendant Peter Roussonicolos moves the Court to reconsider its order disqualifying attorney Frank Rubino. This motion is based on information Roussonicolos did not know about when the Court disqualified Rubino.

### Statement of Pertinent Facts

1. Roussonicolos was indicted in September 2021.

2. Roussonicolos retained Rubino as his counsel of choice on or about September 28, 2021. (DE 13).

3. The government filed a motion to disqualify Rubino as Roussonicolos' counsel. (DE 57).

4. After hearing testimony and argument of counsel, the Magistrate Judge ordered the disqualification of Rubino, Roussonicolos' counsel of choice. (DE 71).

5. Roussonicolos appealed the order to the District Court Judge, who

affirmed the disqualification order. (DE 89).

6. The disqualification was based upon Rubino's prior representation of government witness Richard Epstein.

7. After the disqualification of Rubino, Roussonicolos received thousands of pages of discovery, including interview memorandums relating to Epstein's cooperation with the government.

8. Epstein, represented by Rubino, agreed to cooperate with the government. After that, various government agents interviewed Epstein about his knowledge of healthcare fraud.

9. Roussonicolos received detailed interview forms of interviews held: September 24, 2019; October 4, 8, 11, 15, 16, and 18, 2019; December 3 and 9, 2019; February 4, 2020; March 4, 2020; April 14, 22, 23, and 28, 2020; May 5, 6, 17, 18, 20, 21, 2020; June 2 11, 2020; July 14, 2020; August 26, 2020; September 1, and 21, 2020; October 21, 2020; February 1, 12 and 18, 2021; March 10 and 17, 2021; July 30, 2021; October 15 and 20, 2021; November 23, 2021; December 17, 2021; January 19, 2022; June 29, 2022; August 31, 2022; and September 12, 2022.

10. The indictment alleges that Roussonicolos was associated with the following entities: Merchant Card Solutions LLC (Med Brace Shop), Med Braces and Supplies LLC, A to Z Med Braces and Supplies Inc., Gemini Health and Wellness LLC, Med2You Supplies Inc., Goo World LLC, Kevin's Bail Bonds, Inc.,

2

Doctor Ride LLC, and LPI Media Group, Inc. Reviewing the interview forms listed in paragraph 9 reveals that Epstein did not mention these entities were involved in criminal activity with Roussonicolos.

11. A review of the interview forms outlined in paragraph 9 reveals that in his interview conducted on September 24, 2019, on page 11, Epstein stated, "**He was introduced to ALOSA and GIOVANNI through Pete, the Greek. He met Pete the Greek through PAUL SAVASTANO (SAVASTANO). EPSTEIN had known SAVASTANO for years, as further discussed below.**"

12. Epstein was initially interviewed in September 2019 and repeatedly interviewed through September 2022 during that 3-year period, this is the only mention of Roussonicolos.

13. Epstein described himself as a marketer. The government's motion to disqualify Rubino states, "(Epstein) is cooperating with the government - including by cooperating against Roussonicolos, whom he met through his management of REMN."[1]

14. Nowhere in his debriefings does Epstein state that Roussonicolos utilized the services of REMN or Epstein.

15. If Epstein's knowledge of Roussonicolos is as diminutive as it appears, Roussonicolos' earlier suggestion that his other counsel handle matters related to

---

[1] Government's motion page 2.

Epstein appears to be appropriate.

16. The unanswered question is, does Epstein have damaging information against Roussonicolos, other than an introduction? Or did the government merely conclude Rubino represented Epstein? Epstein may be a witness, so there is a conflict.

### **Legal Argument**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. To be sure, the Sixth Amendment's right to counsel encompasses the right to counsel of choice. However, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States,* 486 U.S. 153, 159 (1988). Accordingly, a defendant also has the right to defense counsel free from conflicts of interest. *United States v. Ross,* 33 F.3d 1507, 1523 (111 Cir. 1994); *see also Wheat,* 486 U.S. at 164 (recognizing a "presumption in favor of a [defendant's] counsel of choice," which "may be overcome ... by a showing of serious potential for conflict.").

Is there an actual, serious conflict disqualifying Rubino? From the discovery received, it does not appear so. If it does, the government is hiding the ball.

4

## Conclusion

Roussonicolos prays that the Court allow Rubino, his counsel of choice, to rejoin the defense team. Unless the government can show an actual, serious conflict, something more than Rubino represented Epstein, and by that fact itself, there is a conflict.

## Certificate of Service

I HEREBY CERTIFY that on March 5, 2024, a copy of this document was electronically filed/served per CM/ECF filing system on the Clerk of Court and all attorneys of record.

> H. DOHN WILLIAMS JR.
> Attorney & Counselor at Law
> 550 S. Andrews Ave #430
> Fort Lauderdale, FL 33301
> Tel. (561) 929-5432
> e-file pleadings – hdohn@outlook.com
> correspondence/messages – hdohn@outlook.com
>
> By: /s/: Harry Dohn Williams Jr.
>     H. Dohn Williams Jr.
>     Fla. Bar # 166087