UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

21-CR-60273-WILLIAMS/SANCHEZ

UNITED STATES OF AMERICA

v.

PETER ROUSSONICOLOS,

        **Defendant.**

_____/

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER THE DISQUALIFICATION OF ATTORNEY FRANK RUBINO

The United States of America respectfully opposes Defendant Peter Roussonicolos' ("Defendant" or "Roussonicolos") Motion to Reconsider the Disqualification of Attorney Frank Rubino (ECF 80) ("Motion to Reconsider"). Defendant fails to satisfy his heavy burden to support such a motion. He has offered no new facts and no legal basis supporting a reversal of the Court's prior ruling. And a reversal—which would allow Frank Rubino to represent both Defendant and a critical witness against him—would contradict legal precedent and the Rules Regulating the Florida Bar.

After three lengthy hearings and briefing from both parties, the Court took the only step that could ensure the fairness of Defendant's trial: disqualifying one of Defendant's several attorneys, Frank Rubino. That was the correct application of the law given the undisputed fact that Mr. Rubino also represents Government cooperating witness Richard Epstein ("Epstein") in a substantially similar matter. Not only does the Government intend to call Epstein to testify at Defendant's trial, but Mr. Rubino's representation of both individuals also stems from their respective involvement in the same durable medical equipment company ("DME") and telemarketing scheme. As set forth below, Mr. Rubino's representation of both Defendant and a

1

witness against him remains a conflict of interest that undermines the integrity of the judicial proceedings. The Court should deny the Motion to Reconsider and Mr. Rubino should remain disqualified.

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

Frank Rubino has represented Defendant's coconspirator, Richard Epstein, since at least June 2020. *See United States v. Epstein*, Case No. 20-CR-00196 (M.D. Fla.) (ECF No. 6, Waiver of Indictment) (bearing Frank Rubino's signature as counsel of record for Epstein). In June 2020, Epstein pled guilty to conspiracy to commit health care fraud in connection with his operation of the telemarketing company REMN Management, LLC ("REMN"), through which he and his co-conspirators obtained doctor's orders for medically unnecessary durable medical equipment and cancer genetic testing. Epstein is cooperating with the Government, including against Defendant.

As alleged in the indictment, Defendant spearheaded a DME fraud scheme that in just two and a half years swindled Medicare of $26.7 million (and billed Medicare for $61.5 million). Defendant obtained Medicare beneficiary referrals and doctors' orders from marketers in exchange for a share of the Medicare reimbursements his DME companies received. *See generally* ECF No. 1. Defendant used Epstein's services to obtain some of these doctors' orders.

Epstein has received a reduction of his sentence pursuant to Section 5K1.1 of the Sentencing Guidelines. But Epstein's ongoing cooperation against Defendant was not contemplated as part of that motion. At Epstein's November 2021 sentencing, the case's lead prosecutor, AUSA Jay Trezevant, relayed that he anticipated moving for another sentence reduction under Rule 35 based on substantial assistance in other matters. On February 20, 2024, AUSA Trezevant filed a Rule 35 motion requesting a further reduction of Epstein's sentence due to his cooperation in several other matters; it once again did not contemplate Epstein's cooperation

in Defendant's prosecution. *Id.* at ECF 86. Frank Rubino filed a sealed response.[1] *Id.* at ECF 87-9. The motion remains pending. Frank Rubino previously has advocated to AUSA Trezevant that Epstein should receive a reduction in his sentence for information provided about Defendant. Despite this, in September 2021, Mr. Rubino entered a permanent appearance on Defendant's behalf. ECF No. 13. The Roussonicolos prosecution team then alerted Mr. Rubino to the potential conflict in representing both Defendant and Epstein, as the team planned to call Epstein as a witness at Defendant's trial.

On October 8, 2021, J. David Bogenschutz (who does not practice at the same firm as Mr. Rubino) entered his appearance as co-counsel for Defendant.[2] ECF No. 26. On November 9, 2021, the Court held the first *Garcia* hearing in this matter. ECF No. 42. The Court scheduled the second phase of the *Garcia* hearing for November 23, 2021, to allow for time for (1) Roussonicolos to consult independent counsel and Mr. Bogenschutz regarding the conflicts issue; (2) Mr. Rubino to withdraw from his representation of Epstein with Mr. Epstein's consent; and (3) Mr. Rubino to obtain written conflict waivers from both Epstein and Defendant. ECF No. 43.

On November 22, 2021, Mr. Rubino informed the Roussonicolos prosecution team that Epstein wanted Mr. Rubino to continue to represent him. Also on November 22, 2021, the Roussonicolos prosecution team first learned that Mr. Rubino specifically referred to Defendant

---

[1] Mr. Rubino sent a communication to AUSA Trezevant in February 2024 requesting that Epstein be given a further reduction in his sentence based on his past and anticipated cooperation in a variety of matters, including his anticipated testimony in Defendant's upcoming trial. AUSA Trezevant did not contemplate Epstein's anticipated cooperation in Defendant's case in the Rule 35 motion he ultimately filed, but indicated to undersigned counsel that he would consider filing a subsequent Rule 35 motion after Epstein testifies in Defendant's case.

[2] Since that time, three additional attorneys have filed permanent appearances on defendant's behalf. Harry Dohn Williams, Jr., filed his appearance on January 21, 2022. ECF No. 85. Gennaro Cariglio, Jr., filed his appearance on June 27, 2022. ECF No. 137. Kawa Saeed Foad filed his appearance on February 24, 2023. ECF No. 203.

3

when communicating with AUSA Trezevant for a sentence reduction for Epstein based on substantial assistance.

A second *Garcia* hearing was held on November 23, 2021. In conjunction with the November 23, 2021, hearing, Mr. Rubino provided waivers by both Epstein and Defendant. After that hearing, the Government moved to disqualify Mr. Rubino from representing Defendant in this matter. ECF No. 57. Following a third *Garcia* hearing on December 22, 2021, Judge McAliley issued a written order disqualifying Mr. Rubino. ECF No. 71. Judge McAliley's order concluded that Mr. Rubino's "concurrent representation of Defendant and Epstein creates both potential and actual conflicts of interest that may impede the adjudication of this matter, the effectiveness of his representation of Defendant and undermine the integrity of this Court." ECF No. 71, at 4. While Judge McAliley rejected Defendant's purported waiver of the conflict as insufficient, Judge McAliley also concluded that even revised waivers would not be acceptable because of this conflict. *Id.* On January 28, 2022, the Court affirmed Judge McAliley's order disqualifying Mr. Rubino. (ECF No. 89). In the two years since, the facts have not changed, nor has the law. But Defendant nonetheless asks this Court to reconsider its order disqualifying Mr. Rubino. ECF No. 285.

## II.   LEGAL STANDARDS

### A.   Standard of Review

"Although motions for reconsideration of a district court order in a criminal action are not expressly authorized by the Federal Rules of Criminal Procedure, both 'the Supreme Court and this Court have permitted motions for reconsideration in criminal cases.'" *United States v. Phillips,* 597 F.3d 1190, 1199 (11th Cir. 2010), citing *United States v. Woods*, No. 20-13889, 2022 WL 577667, at *1 (11th Cir. Feb. 25, 2022), cert. denied, 143 S. Ct. 150 (2022). "The function of a

4

motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Sotto*, No. 06-20322-CR, 2009 WL 10697442, at *1 (S.D. Fla. Jan. 20, 2009), *citing Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (quotation marks and citation omitted). "In particular, there are three major grounds which justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Id.*, *quoting Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002). "These grounds show that motions for reconsideration cannot simply ask a court to reexamine an unfavorable ruling." *United States v. Camarillo*, No. 19-CR-20343, 2020 WL 6781751, at *1 (S.D. Fla. Nov. 18, 2020), *citing Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010). Rather, Defendant must show extraordinary circumstances to support his motion for reconsideration. *Id.*, *citing Mannings v. Sch. Bd. of Hillsboro Cty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993); *see also Sotto*, 2009 WL 10697442, at *1.

B.   **Sixth Amendment Right to Counsel**

The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. To be sure, the Sixth Amendment's right to counsel encompasses the right to counsel of choice. However, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159 (1988). Accordingly, a defendant also has the right to defense counsel free from conflicts of interest. *United States v. Ross*, 33 F.3d 1507, 1523 (11th Cir. 1994); *see also Wheat*, 486 U.S. at 164 (recognizing a "presumption in favor of a [defendant's] counsel of choice," which "may be overcome … by a

5

showing of serious potential for conflict."). For these reasons, even where clients waive an actual conflict, disqualification of counsel may occur based on the independent interest of the federal courts "in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them." *Wheat*, 486 U.S. at 160.

### C.  Florida Bar Rules of Professional Conduct

Because Mr. Rubino proposes to represent both Defendant and Epstein, the conflict should be assessed under Florida Rule of Professional Conduct 4-1.7, which governs conflicts of interest when both clients are currently represented by the same attorney. *See also* S.D. Fla. Local Rule 11.1(c) (incorporating the Florida Bar Rules of Professional Conduct). Rule 4-1.7 prohibits a lawyer from representing a client whose interests are adverse to a current client, even if there is informed consent, if the adverse interests will be advanced in the same tribunal. This rule provides in pertinent part that:

> (a) a lawyer shall not represent a client if:
>
> > (1) the representation of 1 client will be directly adverse to another client; or
> > (2) there is a substantial risk that the representation of 1 or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.
>
> (b) Informed Consent. Notwithstanding the existence of a conflict of interest under subdivision (a), a lawyer may represent a client if:
>
> > (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
> > (2) the representation is not prohibited by law;
> > (3) the representation does not involve the assertion of a position adverse to another client when the lawyer represents both clients in the same proceeding before a tribunal; and
> > (4) each affected client gives informed consent, confirmed in writing or clearly stated on the record at a hearing.

### D.       Standards and Procedure for Disqualification of Attorneys

The Government has standing to seek disqualification of conflicted defense attorneys based on its interest in protecting the integrity of the proceeding and preventing reversals of convictions on Sixth Amendment grounds, *United States v. Garcia*, 517 F.2d 272, 278 (5th Cir. 1975), and its continuing obligation to bring to the Court's attention any "possible ethical violation concerning a matter before [the] court[]." *In re: Gopman*, 531 F.2d 262, 265 (5th Cir. 1976). In deciding whether to disqualify an attorney, courts evaluate the interests of not only the defendant, but also the Government, the witness, and the public in view of the circumstances of each particular case. *United States v. O'Malley*, 786 F.2d 786, 790 (7th Cir. 1986); *United States v. James*, 708 F.2d 40, 44 (2d. Cir. 1983). See also *United States v. Hobson*, 672 F.2d 825, 828 (11th Cir. 1982) (disqualifying defense counsel based on "a reasonable possibility of an appearance of an impropriety"), *cert. denied*, 459 U.S. 906, abrogated on other grounds by *Flanagan v. United States*, 465 U.S. 259, 270 (1984).

"In the pretrial stage, a court may disqualify an attorney if it determines that either an actual or potential conflict of interest exists." *United States v. Cordoba*, 12-CR-20157-ROSENBAUM/MATTHEWMAN, 2013 U.S. Dist. LEXIS 152073, at *27–*28 (S.D. Fla. Oct. 17, 2013) (internal citations omitted). "In determining whether to disqualify a defendant's counsel, a court must balance the right to counsel of defendant's choice with the defendant's right to a conflict-free attorney." *United States v. Gutierrez*, 10-CR-80083-MARRA/HOPKINS, 2010 U.S. Dist. LEXIS 99424, at *2 (S.D. Fla. Aug. 3, 2010) (citing *Wheat*, 486 U.S. at 162–63).

In *Ross*, the Eleventh Circuit held that "[i]n deciding whether the actual or potential conflict warrants disqualification," the court should "examine whether the subject matter of the first representation is substantially related to the second." 33 F.3d at 1523. Where subject matter

overlap exists, disqualification tends to be the appropriate remedy. Courts in the Eleventh Circuit have disqualified counsel where "an attorney has an actual conflict of interest, **such as when he has previously represented a person who will be called as a witness against a current client at a criminal trial.** When an actual conflict of interest exists, the client is denied effective assistance of counsel, and the attorney may be disqualified." *Id.* (emphasis added). *See also United States v. Schneider*, 853 F. App'x 463, 466 (11th Cir. 2021) (upholding the district court's disqualification of counsel where the lawyer represented a cooperator in a related proceeding).

### III. ARGUMENT

Court should deny the Motion to Reconsider and Mr. Rubino should remain disqualified from representing Defendant in this matter. Defendant presents no new facts or intervening changes in law that warrant reconsideration of the Court's prior ruling. To the contrary, the law requires Mr. Rubino to be disqualified from representing Defendant under the facts presented here. Mr. Rubino represents a cooperating witness in a substantially similar matter, the Government intends to call that cooperating witness to testify against Defendant at trial, and Mr. Rubino has sought cooperation credit on behalf of that witness based on information provided against Defendant. Here, the actual conflict is the exact circumstance the Supreme Court suggested in *Wheat* cannot simply be overcome by waiver, and that the Eleventh Circuit explained in *Ross* and *Schneider* poses an insurmountable conflict. *See, e.g.*, *Ross*, 33 F.3d at 1522–24 (affirming district court's decision to disqualify counsel when his firm previously represented a witness involved in the defendant's conspiracy who was expected to testify for the Government at trial).[3]

---

[3] *See also United States v. Campbell*, 491 F.3d 1306, 1312 (11th Cir. 2007) (affirming disqualification of counsel whose law partner represented a government witness in the same investigation; *United States v. Miranda*, 936 F. Supp. 945, 949-52 (S.D. Fla. 1996) (disqualifying counsel for prior representation of a witness cooperating with the government and expected to testify at trial); *United States v. Culp*, 934 F. Supp. 394, 397-400 (M.D. Fla. 1996) (disqualifying

**A.  Defendant Fails to Show Extraordinary Circumstances Warranting Reconsideration of the Court's Previous Order.**

Defendant fails to show any circumstances warranting reconsideration of the Court's prior ruling, let alone extraordinary ones. *Camarillo*, 2020 WL 6781751, at *1; *Sotto*, 2009 WL 10697442, at *1. Likewise, Roussonicolos has failed to identify an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *Sotto*, 2009 WL 10697442, at *1 (citing *Ass'n for Disabled Americans, Inc. v. Amoco Oil Co.*, 211 F.R.D. 457, 477 (S.D. Fla. 2002)). Based on Defendant's review of discovery to date, he simply believes Epstein's potential testimony against Roussonicolos would be "diminutive" and accuses the government of "hiding the ball." ECF No. 285 at 3–4. Even if these assertions were true (they are not), these are insufficient reasons for the Court to reconsider its prior order.

**B.  No Waiver Can Overcome the Conflict or the Appearance of Impropriety in a Lawyer Representing a Defendant and a Cooperating Witness Against Him.**

Judge McAliley reviewed the parties' briefing, held multiple *Garcia* hearings, and a hearing on the Government's motion to disqualify before taking the rare step of disqualifying Mr. Rubino. In her order, Judge McAliley incorporated by reference her findings of fact and conclusions of law from all three hearings. ECF No. 71 at 2. During the third hearing, Judge McAliley determined there is an *actual* conflict in Mr. Rubino's representation of both Epstein and Defendant because they have "directly contradictory interests" (*Id.* at 30 (emphasis added)), the two representations are substantially related (*id.* at 36–37), and Mr. Rubino has a divided loyalty between the two clients (*Id.*). She noted that Florida Rule of Professional Conduct 4-1.7 ("Rule

---

counsel that represented government witness in the matter that led to his cooperation with the Government).

9

4-1.7"), Subsection (a), prohibits a lawyer from representing a client if that representation would be directly adverse to another client. *Id*. at 31. Judge McAliley then analyzed Rule 4-1.7, Subsection (b), which lays out four requirements for a lawyer to represent a client, and noted that all four circumstances must be present in order for a lawyer's representation of a client to continue. *Id*. In her discussion about Rule 4-1.7, Judge McAliley found that Mr. Rubino's proposed representation of Roussonicolos would violate Rule 4-1.7, Subsections (b)(2) and (b)(4)—namely, that the representation is prohibited by the law on disqualification (Subsection (b)(2)) and that the waivers submitted by Mr. Rubino do not suffice as "informed consent" by either Roussonicolos or Epstein (Subsection (b)(4)). *Id*. at 31–2; 43.

Judge McAliley went on to discuss her concerns about Defendant's proposal that any conflict could be cured by Mr. Bogenschutz conducting the cross examination of Epstein in lieu of Mr. Rubino. She noted the complexity of the case, the factual overlap between Roussonicolos's case and Epstein's case, and the difficulty in attempting to wall off Mr. Rubino from conversations that could involve discussion about Epstein. ECF No. 72 at 33, 39–40. Judge McAliley also noted her concern that such an arrangement could restrict Roussonicolos's ability to discuss his case with his lawyers, thereby inviting a motion for ineffective assistance of counsel if Roussonicolos is convicted after trial. *Id*. at 34–35. Notably, Judge McAliley indicated that the same conflict would exist "regardless of whether Mr. Epstein is the star witness or just a foundational background kind of witness." *Id*. at 38. Finally, discussing *Ross*, Judge McAliley noted the Court's independent interest in protecting the integrity of the judicial system. *Id*. at 41–42.

In her order disqualifying Mr. Rubino, Judge McAliley incorporated by reference the record from the December 22, 2021, hearing and further addressed the waiver issue. She found that "Defendant's statements fell short of being a knowing, intelligent, and voluntary waiver of his

10

right to conflict-free effective assistance of counsel." ECF No. 71 at 3 and n. 2. Furthermore, citing Fed. R. Crim. P. 44(c), *Garcia*, and *Ross*, she noted "that even if the written waivers were sufficient, I nonetheless would not accept them, and that being so, there is nothing to be gained by Defendant and Epstein submitting revised written waivers, or my again soliciting a verbal waiver from Defendant." *Id*. at 3. Judge McAliley concluded by finding "that Rubino's concurrent representation of Defendant and Epstein creates both potential and actual conflicts of interest that may impede the adjudication of this matter, the effectiveness of his representation of Defendant and undermine the integrity of this Court." *Id*. at 4. Defendant's Motion to Reconsider neither addresses nor offers new evidence or law concerning any of Judge McAliley's findings. He has not met his burden for this Court to reconsider its order.

      **C.**      **The Government Intends to Call Epstein to Testify Against Defendant.**

The Government still intends to call Epstein as a witness at trial and has been diligent in ensuring that Defendant's current counsel can prepare its defense, including by disclosing *Jencks* material for Epstein well before trial. The Government anticipates that Epstein will provide important background testimony for the jury, explaining not only how and when he met Roussonicolos, but how the DME scheme itself worked. Epstein worked with Defendant at the start of his criminal enterprise and is therefore among the only Government witnesses who will testify regarding the first DME that Defendant utilized (Med Brace Shop). The Government anticipates Epstein will testify to details about that business relationship, including the initial and subsequent payment agreements between Epstein, Defendant, and their partners regarding their illegal activity.

In his Motion to Reconsider, Defendant lists dates of various reports regarding Epstein which the Government provided in discovery and intimates that they contain insufficient

information to warrant the Government calling Epstein as a witness. Defendant's opinion on the strength of Epstein's anticipated testimony is not relevant to assessing Mr. Rubino's conflict of interest. However, the reports provided in discovery which contain details regarding Epstein's involvement with Defendant are missing from Defendant's list—namely, reports dated December 10, 2020 (when Epstein provides details on his business arrangement with Defendant) and July 22, 2021 (when Epstein identifies a photo of Defendant).[4] Consistent with the Government's prior representations, Epstein remains an important witness against Defendant and the Government still intends to call him to testify at Defendant's trial. The mere fact that the defense team does not believe the Government *should* call Epstein as a witness is an insufficient reason for the Court to reconsider its prior order disqualifying Mr. Rubino.

## IV. CONCLUSION

Defendant has not met his burden to show extraordinary circumstances such that this Court should expend judicial resources to reconsider its previous order. He points to no intervening change in controlling law, no new evidence, and no need to correct clear error or prevent manifest injustice. The Court should deny the Motion to Reconsider and Mr. Rubino should remain disqualified based on the inherent conflicts of interest and the appearance of impropriety already identified by this Court.

Dated: March 19, 2024　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　GLENN S. LEON
　　　　　　　　　　　　　　　　　　　　　　　CHIEF, FRAUD SECTION

　　　　　　　　　　　　　　　　　　　　　　　MARKENZY LAPOINTE
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES ATTORNEY

---

[4] These reports were previously produced to the defense with Bates numbersMED_BRACES_INT_0000013242 – MED_BRACES_INT_0000013244 (December 10, 2020 report) and MED_BRACES_INT_0000006937 – MED_BRACES_INT_0000006974 (July 22, 2021 report. The Government will provide a copy of these reports to the Court upon request.

By:    /s/ Jessica A. Massey
Jessica A. Massey
Trial Attorney
Florida Special Bar No. A5503083
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue NW
Washington, DC 20005
Telephone: (202) 262-9203
E-mail: Jessica.Massey@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 19, 2024, I served and filed the foregoing document with the Clerk of Court via CM/ECF.

/s/ Jessica A. Massey
Trial Attorney
U.S. Department of Justice

13